CASE No. 805.

BLACK v. WHITE.

1. An administrator put upon his inventory of notes, &c., a due-bill given by himself to his intestate twelve years before his death. *Held,* that this was not a new promise, and that the claim was barred by the statute of limitations.

2. An administrator sued for an accounting may, without formally pleading the statute of limitations by answer, rely upon it as relieving him from liability to account for a due-bill given by himself.

3. A claim of an intestate against her administrator, barred by the statute of limitations, is not paid by operation of law when letters of administration are granted. The rule applies only to legal and not to moral obligations.

4. Concurrent findings of fact by judge of probate and Circuit judge will not be disturbed unless shown to be clearly erroneous.*

5. Plea of the statute of frauds overruled, the undertaking being original and not collateral.

6. Bar of the statute of limitations held to have been prevented by repeated acknowledgments to different persons.

---

* In a note to *Arnold* v. *House,* 12 *S. C.* 617, it is said that "the Supreme Court have as yet laid down no rule governing its review of findings of fact

Before PRESSLEY, J., Spartanburg, June, 1879.

Action for accounting by Laura C. Black and Ophelia Briggs, distributees of the estate of Susan White, against W. H. White and J. H. McMillan, administrators of said estate, commenced by petition in the Court of Probate for Spartanburg county, in May, 1877. Susan White died intestate in December, 1875. The inventory returned by the administrators of notes, accounts, &c., held by the intestate, included a due-bill given by W. H. White to Susan White in 1863; the appraisers marked it "doubtful." The defendants did not, by answer, plead the statute of limitations, as relieving them from accounting for this due-bill.

In April, 1871, a decree was rendered in favor of Susan White against W. H. White as administrator of Henry White. There was testimony to the effect that this decree had been subsequently paid.

The administrator, J. H. McMillan, rendered a claim of $500 for services alleged to have been rendered Susan White during her lifetime from 1868 to 1875. The services were principally performed upon the lands of Susan White's mother, with whom she resided, but there was testimony to the effect that they were done at Susan White's special request and upon her promise to pay for them; and also that she had to several persons at various times up to a short period before her death, acknowledged her liability to pay for these services. To this claim the petitioners formally pleaded the statutes of frauds and of limitations.

George W. Nicholls, Esq., judge of probate, held that the due-bill was barred by the statute of limitations, that the decree

by a Court of Probate. Besides this case of *Black* v. *White*, my attention has been called to an unreported case filed April 14th, 1879, No. 706, *Gunning* v. *Erwin*, in which this court say: "The Probate Court was the proper tribunal for determining such questions of fact in the first instance; and having the witnesses before it had the best opportunity of judging of the weight tha should attach to the testimony of the witnesses, and of drawing proper infert ences of fact. The Circuit Court ought not to disturb the findings of the Probate Court on questions of fact of that nature unless clear ground is afforded for that purpose."—REPORTER.

was paid, and that the estate of Susan White was indebted to J. H. McMillan in the sum of $500 ; that this claim was due primarily by Susan White and that it was not barred by the statute of limitations.

Exceptions were taken to this decree, which, upon appeal to the Circuit Court, were all overruled. The petitioners then appealed to this court, alleging error in the decree in the following particulars, to wit:

1. In refusing to charge W. H. White, one of the administrators, with the due-bill and interest charged against him in the inventory.

2. In refusing to charge W. H. White, one of the administrators, with the share due Susan White's estate from the estate of Henry White, deceased, of which last-named estate said W. H. White was also administrator.

3. In allowing a charge of J. H. McMillan, one of the administrators, for the sum of $500 in gold against the estate of his intestate.

4. In overruling the plea of the statute of frauds and the statute of limitations against said last-mentioned claim.

5. In overruling appellants' objections as to admissibility of certain testimony for the administrators, to which said rulings exceptions were duly taken.

6. In failing to report that there was no evidence sufficient or proper to show that W. H. White had paid the decree against him in favor of W. H. White.

*Mr. J. S. R. Thomson,* for appellants.

*Messrs. J. W. Carlisle* and *S. J. Simpson,* contra.

January 13th, 1880. The opinion of the court was delivered by

McIVER, A. J. These proceedings were originally instituted in the Court of Probate for the purpose of obtaining from the defendants an account of their administration of the assets of the intestate, Susan White. Three questions arose: 1st. Whether the defendant, White, should be charged with the amount of a

due-bill given by him to the intestate in 1863 and found among the papers of the intestate. 2d. Whether the same defendant should be charged with the amount of a decree which had been rendered against him as administrator of one Henry White in favor of Susan White in her lifetime. 3d. Whether a claim for $500, set up by the defendant, McMillan, for services rendered his intestate, Susan White, in her lifetime, should be allowed. The judge of probate determined each and all of these questions in favor of the defendants, and upon appeal to the Circuit Court his decree was affirmed. The same questions are now brought here by appeal from the judgment of the Circuit Court.

The ground upon which the defendant, W. H. White, was relieved from liability for the due-bill was that it was barred by the statute of limitations at the time he administered upon the estate of the intestate, Susan White. It is contended, however, by the appellants that this claim was taken out of the operation of the statute of limitations by reason of the fact that the said W. H. White had allowed the due-bill to be inserted in the inventory and appraisement of his intestate's estate, and that this amounted to such an implied promise to pay it as would prevent the bar of the statute. The fact is conceded that at the time of the death of the intestate, and, of course, at the time of making the inventory and appraisement, the bar of the statute was complete. Hence any promise which is relied upon to take the case out of the statute must be such as would sustain an action founded on such promise; for, after the statutory period has run out, the right of action on the original note is gone, and the action, if maintainable at all, must be brought upon the new promise. *Caldwell* v. *Smith*, 15 *Rich.* 365; *Hayes* v. *Clinkscales*, 9 *S. C.* 450. Such new promise may be implied as well as expressed, but it must amount to an unqualified admission of a subsisting legal liability and must be established by evidence unambiguous and full. *Deloach* v. *Turner*, 6 *Rich.* 125.

The practical question then is, does the fact that the defendant, White, allowed the due-bill to be entered upon the inventory of his intestate's estate, amount to such an implied promise to pay the debt as would support an action? We do not think so. It cannot be regarded as an unqualified admission of a subsisting

legal liability.    The due-bill was found among the papers of the intestate, and was to be regarded as her property, and whether of any *legal* value or not, it was the duty of the administrator to have it inserted in the inventory.    It was not for him to determine its value, or whether it was enforceable by legal process, any more than in the case of other choses in action belonging to his intestate's estate.    His duty required that he should insert them all in the inventory, and whether he was to be charged with the amounts secured by them would depend upon whether it could be shown, when called upon to account, that they were collectible.

The objection raised by the appellants that the administrator cannot avail himself of the bar of the statute, because he did not formally plead it, would be entitled to great weight were this an action upon the due-bill in question, but we do not think it applies to the present proceeding.    The defendant does not rely upon the bar of the statute to protect himself from the payment of a debt which is sought to be recovered from him, for the object of this proceeding is to require the defendant to account for certain assets which have gone into his hands, and to make him liable it must appear not only that the assets have gone into his hands, but that they have been, by the use of diligence, collected; and he relies upon the statute for the purpose of showing that this particular chose in action could not have been, by the utmost diligence, collected, as the right of action upon it was barred before it came into the hands of the defendant.    Undoubtedly if it was sought to make him liable for the note of a third person, he might, without specially pleading the statute, be permitted to show that such note was not collectible, because it was barred by the statute of limitations.    Just so here, we see no reason why he cannot show, without specially pleading the statute, that he ought not to be charged with the amount of this due-bill, because, by reason of the bar of the statute, it was not collectible.

Again, it was urged that the respondent was concluded by the rule that " whenever the character of payer and payee of any debt or obligation is blended in the same individual, by operation of law the debt is paid and the amount is cash in hand on the

accounts of the payee to the credit of the party entitled to the fund." *Griffin* v. *Bonham,* 9 *Rich. Eq.* 77. The reason of this rule seems to be, that when the same person unites in himself the character of both debtor and creditor, as the debt is no longer collectible by process of law, being incapable of suing himself, it must be regarded as paid by operation of law. Hence, the debt spoken of in the rule must be a debt which is enforceable by legal process. It must be a *legal,* and not a mere *moral* obligation. Now, in this case, when the defendant, White, became administrator the debt evidenced by the due-bill no longer constituted a *legal* obligation, but was only a *moral* obligation, which would constitute a sufficient consideration to support a new promise, but which, of itself, furnished no *legal* cause of action. The rule contended for cannot, therefore, be applied.

The next question is so wholly a question of fact that under the well-established rule of this court, we will not disturb the concurrent finding of the judge of probate and the Circuit judge unless shown to be manifestly erroneous, which has not been done in this case.

The only remaining inquiry is as to the propriety of allowing the claim of the administrator, McMillan. This, too, depends, in large measure, upon a question of fact, and we see no ground for interfering with the concurring judgment of the judge of probate and the Circuit judge. It is contended, however, that the plea of the statute of frauds is fatal to this claim. The court below, however, finds as matter of fact that this was an original and not a collateral undertaking on the part of the intestate, Susan White; and this finding, we think, fully supported by the evidence and conclusive of the case. The plea of the statute of frauds cannot be sustained. Nor is there any ground upon which the plea of the statute of limitations to any portion of this claim can be allowed. The intestate acknowledged it from time to time, to different persons, up to a very short period before her death, and this was sufficient to prevent the bar of the statute.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., concurred.